AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Jose Calderon-Rebollar | )<br>)<br>)   Case No.   8:23-mj-1223-SPF<br>)<br>)<br>)<br>) |

_____
_Defendant(s)_

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  **March 3, 2023**  in the county of  **Hillsborough**  in the

**Middle**  District of  **Florida**  , the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|
| 8 USC § 1326(b)(1);<br>18 USC § 922(g)(1) and (g)(5); | Alien found in the US without permission after removal;<br>Felon and/or alien in possession of a firearm; |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Javier Lopez
_Printed name and title_

Sworn to before me over the telephone and
signed by me pursuant to Fed. R. Crim. P. 4.1 and 41 (d)(3).

Date:    3/3/2023

_Judge's signature_

City and state:    Tampa, FL

SEAN P. FLYNN, UNITED STATES MAGISTRATE JUDGE
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Javier M. Lopez, being duly sworn, hereby depose and state as follows:

1.     I am employed as a United States Border Patrol Agent with the United States Border Patrol, currently assigned to Tampa, Florida.  I have been employed as a federal law enforcement officer since April 29, 2002.

2.     As a Border Patrol Agent, I am charged with enforcing United States immigration laws, both administrative and criminal, including investigating violations of such laws and making arrests of removable aliens in accordance with these laws.  I am charged with the enforcement of Titles 8, 19, 21 and 18 of the United States Code.

3.     I submit this affidavit in support of a criminal complaint charging Jose Calderon-Rebollar ("**CALDERON-REBOLLAR**"), a native and citizen of Mexico, with being an alien found in the United States without permission after removal, in violation of 8 U.S.C. § 1326(b)(1), and felon and/or alien in possession of a firearm, in violation of 18 § U.S.C. § 922 (g) (1) and (g)(5).

4.     The statements contained in this affidavit are based on my personal knowledge and experience, and reliable information from other law enforcement officers and computer databases.  Because of the limited purpose of this affidavit, I have not included each and every fact known to me.  Rather, I have included only those facts necessary to establish probable cause supporting the requested complaint.

## PROBABLE CAUSE

5.      On or about July 21, 2022, Border Patrol Agents received information from the Homeland Security Tipline that reported that **CALDERON-REBOLLAR** was in the United States illegally, and was possibly selling illegal drugs and firearms in Plant City, Florida, within the Middle District of Florida.

6.      During a preliminary investigation, Border Patrol Agents gathered personal identifying information (name, date of birth, place of birth, etc.) for **CALDERON-REBOLLAR.** This information subsequently had been shared with Customs and Border Patrol ("CBP").

7.      CBP record checks on **CALDERON-REBOLLAR**'s biographical information confirmed that he is a citizen and national of Mexico with no lawful immigration status in the United States. He also has an Alien file ("A-File"), under his unique alien number, containing all his immigration history. Photographs in that file match surveillance photographs of **CALDERON-REBOLLAR** from several locations in the Plant City area.

8.      **CALDERON-REBOLLAR**'s fingerprints were submitted through Department of Homeland Security and Federal Bureau of Investigation biometric identification databases and compared with those taken prior to his removal from the United States. These databases show that the fingerprints belong to **CALDERON-REBOLLAR.**

9.      I am unaware of any evidence indicating that **CALDERON-**

**REBOLLAR** involuntarily reentered the United States after his last deportation.

10.   No information exists, either in the A-File or the computer databases, showing that **CALDERON-REBOLLAR** has received permission from the Attorney General, the Secretary for the Department of Homeland Security, or any other immigration official to either reenter the United States after having been previously removed or to reapply for admission to the United States after having been previously removed.

11.   Documents in the A-File also show that **CALDERON-REBOLLAR** has been previously ordered deported/removed from the United States to Mexico by a Designated Official on July 24, 2017, after serving a fifteen (15) month sentence for violations of 18 U.S.C. § 922(g) and 18 U.S.C. § 922(A)(2).

12.   **CALDERON-REBOLLAR** was physically deported/removed from the United States to Mexico on or about August 10, 2017, through El Paso, TX.

13.   On or about March 3, 2023, Tampa Border Patrol Agents went to the area of 1505 Whitehurst Road, Plant City, Florida to attempt to locate and arrest **CALDERON-REBOLLAR**.

14.   At approximately 09:45 AM, Border Patrol Agents made a positive visual identification of **CALDERON-REBOLLAR** walking out of the residence and get into the driver's seat of a silver Chevrolet Cruze, which was parked on the driveway.

15.   **CALDERON-REBOLLAR** was the driver and sole occupant of the

vehicle.

16. As he turned onto Whitehurst Road, Border Patrol Agents conducted a vehicle stop. **CALDERON-REBOLLAR** followed commands by getting out of his vehicle and laying down on the ground in the prone position. Agents handcuffed him without incident.

17. During a conversation with **CALDERON-REBOLLAR**, Border Patrol Agents asked for consent to search the vehicle. **CALDERON-REBOLLAR** gave verbal consent to search the vehicle.

18. While searching the vehicle a Border Patrol Agent that was seated in the driver's seat noticed that the center dashboard/stereo console area had some give when pressed in by the fingers as if there was a void. The Border Patrol Agent noticed a small toggle switch that released the dashboard faceplate and gave access to a manufactured created compartment.

19. In the compartment was a 9MM Taurus handgun (Serial number TJP25531) with magazine, a plastic bag that contained a white powdery substance consistent with what appeared to be cocaine, a small shard of what appeared to be crystal methamphetamine, and a pipe that is known to be used by methamphetamine users. At the US Border Patrol Station, the narcotics were tested via Scott Regent (Modified) test kits, which resulted positive for cocaine and methamphetamine.

## CONCLUSION

20.    Based on the foregoing information, I respectfully submit that probable cause exists to believe that **CALDERON-REBOLLAR** is a citizen and national of Mexico and an alien found in the United States without permission after removal, in violation of 8 U.S.C. § 1326(b)(1), and a felon and/or alien in possession of a firearm, in violation of 18 § U.S.C. § 922 (g) (1) and (g)(5).

Javier M. Lopez
U.S. Border Patrol

Sworn to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 and 41(d)(3) via telephone this 3rd day of March, 2023.

HONORABLE SEAN P. FLYNN
United States Magistrate Judge